UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| MARGARET A. BENSON, M.D., | * | CIV. 08-4072 |
| Plaintiff, | * | |
| -vs- | * | OPINION AND ORDER |
| SANFORD HEALTH, a South Dakota Corporation; and SANFORD MEDICAL CENTER, a South Dakota corporation, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Margaret Benson's First Motion to Compel Discovery (Doc. 22). Benson moved to compel responses to discovery requests because they were overdue and had not been answered. Sanford Health then filed its responses and objections to the discovery (Doc. 27). Sanford suggested the motion to compel was rendered moot by its responses. Benson replied by arguing the motion is not moot because the defendant waived its right to object by failing to timely respond (Doc. 30). Benson also argues that on the merits the objections are not well taken (Doc. 30).

## DISCUSSION

Regarding responses to interrogatories Federal Rule of Civil Procedure 33(b)(4) provides:

> The grounds for objecting to an Interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court for good cause excuses the failure.

Regarding responses to requests for production, Federal Rule of Civil Procedure 34 provides the responses must be made within 30 days, but unlike Rule 33 for interrogatories does not provide that a party waives the opportunity to object by failing to timely respond.

The interrogatories and requests for production were served by mail September 3, 2008 (Doc.

23). Counsel for Benson agreed to a 30 day extension of time to respond (Doc. 23). The responses were, therefore, due by November 6, 2008 (Doc. 23-5). Sanford served responses by mail on January 29, 2009 (Doc. 28). In the interim three letters asking for responses were sent by counsel for Benson to counsel for Sanford[1] and three e-mails were exchanged about the discovery (Doc. 23).

Federal Rule of Civil Procedure 37(a)(1) requires the motion to compel to be accompanied by a certification that the movant (Benson) has in good faith conferred or attempted to confer with the party failing to make discovery (Sanford) in an effort to obtain it without court action.

Benson's letter of January 5, 2009, says "this letter is intended to serve as part of my obligation under rule 37 to confer in good faith regarding discovery responses that were due from your client on October 3." Local Rule 37.1 provides no motion involving a discovery matter "shall be heard unless it affirmatively appears that counsel have met, either in person or by telephone" to attempt to resolve the dispute. Benson has neither filed the certification required by Rule 37 nor filed information showing compliance with Local Rule 37.1. The Eighth Circuit Court of Appeals in similar circumstances has said:

> The district court refused to compel discovery because the parties did not appear to have made an effort to resolve the issue informally prior to asking the court's assistance, as is required under Federal Rule of Civil Procedure 37(a)(2)(A) and District of South Dakota Local Rule 37.1. Before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves. Fed. R. Civ. Pro. 37(a)(2)(A); see also *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir.2003) (noting the difference between "an attempt to confer" and a "good faith attempt to confer"). Because Robinson cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion.

*Robinson v. Potter,* 453 F.3d 990, 995 (8th Cir. 2006)

It is ORDERED:

1. The parties shall confer in person or by telephone not later than March 31, 2009, to

---

[1] One of the letters was both by e-mail and regular mail.

make a good faith attempt to resolve their disputes about Sanford's objections to Benson's discovery.

2. After their conference, but not later than April 10, 2009, the parties may file a statement setting forth the matters upon which they have been unable to agree, together with briefs in support of or in opposition to their respective contentions.

3. In the event nothing is filed by the parties on or before April 10, 2009, an Order will be filed denying the motion to compel (Doc. 23) as moot.

Dated this 20th day March, 2009.

        BY THE COURT:

        s/John E. Simko
        _____
        John E. Simko
        United States Magistrate Judge