UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MARGARET A. BENSON, M.D., | * | CIV. 08-4072 |
| Plaintiff, | * | |
| -vs- | * | OPINION AND ORDER RE: SECOND MOTION TO COMPEL (DOC. 36) |
| SANFORD HEALTH, a South Dakota corporation; and SANFORD MEDICAL CENTER, a South Dakota corporation, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is plaintiff's second motion to compel responses to discovery requests (Doc. 36). A decision on the first motion (Doc. 22) was deferred through an Order dated March 20, 2009, because the parties had not conferred to try to resolve the discovery disputes. The parties were ordered to confer in good faith not later than March 31, 2009, to try to resolve their discovery disputes and were advised in the Order that they may provide a statement to the court not later than April 10, 2009, setting forth the matters upon which they have been unable to agree, together with briefs in support of or in opposition to their respective contentions (Doc. 32).[1] A statement setting forth the matters of disagreement was not filed.[2] On April 30, 2009, the first motion was denied as moot (Doc. 35).

---

[1]The Order referred to the first motion to compel both as Doc. 22 and Doc. 23. The motion is Doc. 22. Plaintiff's brief in support of the motion is Doc. 23.

[2]Plaintiff filed a statement on April 9, 2009, advising that the parties had conferred and were "currently working on a stipulation for protective order which may resolve some of the discovery disputes between the parties. However, based upon the discussions between counsel, it is likely that not all of the discovery disputes will be resolved by the stipulation. Accordingly, the Court's assistance will be needed to address the remaining discovery disputes at issue."

In the first motion plaintiff complained the defendants' responses were overdue and that the right to raise objections had been waived. In response to the motion to compel Defendants filed their discovery responses, including objections, and suggested their responses rendered the motion to compel moot. This second motion to compel, together with a supporting brief, was filed July 2, 2009 (Docs. 36 & 37). Local Rule 7.2A provides a party must file a responsive brief within 20 days. Defendants did not file a responsive brief within 20 days. Plaintiff filed a brief on July 28 noting defendants' failure and asserting that defendants have waived any argument and objections to the second motion to compel (Doc. 39). "Plaintiff asks that the Court immediately sign an order granting Plaintiff's motion and set a date certain for Defendants to produce the requested discovery." On July 29, 2009, defendants filed their response to plaintiff's second motion to compel (Doc. 42). They explained that they "believed that their response to Plaintiff's motion was due to be filed on Wednesday, July 29, 2009. If the response is untimely, Defendants respectfully ask the Court's permission to consider this response." Plaintiff's counsel, complaining that the responses are nine months overdue, has described defendants' acts or omissions as: conveniently filed their response the same day; suddenly filed a brief; incredibly; pattern of flagrant disregard of the federal rules; tactically delaying; conveniently left out of defendants' brief; suddenly object; as has been their practice defendants have totally ignored their duty under the federal rules. If these descriptions are well taken, it is a serious matter. If these descriptions are not well taken, it is a serious matter.

# FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

**Federal Rule of Criminal Procedure 33(b)(2) and (b)(4).**

(2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
. . .
(4) *Objections.* . . . . . Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

## DISCUSSION AND RULINGS

The plaintiff's discovery was served on September 3, 2008. Defendants' responses were due October 6, 2008. Plaintiff's counsel extended the due date for 30 days (Doc. 23). Plaintiff's first motion to compel was filed January 7, 2009. On January 29, 2009, defendants served their responses to plaintiff's discovery (Doc. 28, Exs. A & B.)

The defendants' responses to plaintiff's discovery requests were not timely. They were not filed within 30 days after service, but there was an extension of 30 days to respond. The due date was, therefore, 30 days after October 6, 2008. November 6, 2008, became the new due date. The responses and objections were served on January 29, 2009. There has been no order from the court extending the time for responding. Rule 33(b)(4) provides that objections are waived if not timely made, unless the court for good cause excuses the failure. There is nothing in the record to explain the failure to respond by November 6, 2008, other than that defendants needed more time to gather the information. There is an absence of proof of good cause in the record to excuse the failure to timely object. The inescapable conclusion is that under Rule 33(b)(4) defendants have waived the

right to object to plaintiff's discovery requests.[3]

Nonetheless, some of the discovery relates to information about persons who are not parties to this lawsuit. Production of private information about nonparties should not be allowed by the court, e.g. medical and financial information, or identifying social security, bank account, credit card or driver's license numbers, or employment terms, conditions, and actions, not related to this case. Also, plaintiff has disclosed her agreement to limit certain discovery requests, e.g. to a time frame shorter than ten years.

**Interrogatory 3.** GRANTED from the time Sanford formerly known as Sioux Valley assumed control of the Beresford Clinic.

DENIED as it relates to a period of time before the Beresford Clinic was under the control of Sanford.

As to part (f), DENIED as to male employees and as to female employees who were not the subject of an adverse employment action by Sanford. A transfer which was resisted or not sought by the female employee should be disclosed.

**Interrogatory 6.** GRANTED from the time Sanford formerly known as Sioux Valley assumed control of the Beresford Clinic.

---

[3]There is no Eighth Circuit Court of Appeals case which addresses Rule 33(b)(4) which has been cited to or found by the court. The following quote is from a similar case about a discovery dispute:
> . . . . Thus, as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir.1989). This is so even though a party had an objection to make. *See Jaffe v. Grant*, 793 F.2d 1182, 1190 n. 6 (11th Cir.1986) (objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984) (same as to work product).

*Deforest v. Johnny Chisholm Global Events, LLC*, 2009 WL 1660137 (N.D.Fla.,2009).

**Interrogatory 7.** DENIED. This interrogatory is not sufficiently targeted. While there could be some terminations of female physicians sufficiently similar in circumstances to plaintiff to justify discovery about those terminations, without more specific information this interrogatory is a fishing expedition.

**First RFP 8.** GRANTED. Usually a request for production of financial information is not allowed until after it is determined that the jury will be allowed to consider punitive damages. Plaintiff represents that it is the defendants who argue that Sanford placed another doctor at the Beresford Clinic to grow the clinic. Plaintiff also represents that the Beresford Clinic could not financially support two doctors. The financial information is relevant to issues unrelated to punitive damages.

**First RFP 9, 10 & 11.**
DENIED as to documents which identify any specific patient. GRANTED as to statistical documents which reveal the numbers of patient encounters or tallies at the Beresford Clinic; which reveal the number of patients who were referred from the Beresford Clinic to Sanford Hospital; or which reveal the number of patients who were referred from the Beresford Clinic to the Canton hospital.

**First RFP 13.** GRANTED. Because these documents could contain private information about a nonparty to the lawsuit, the documents need not be produced until the parties have secured a protective Order from the court. Additionally, the defense shall submit to the court for an *in camera* inspection documents it believes contain private information which should not be produced to the plaintiff. The defendants shall specifically identify the private information on each document and suggest whether and what redactions could be made to protect the private information while at the same time complying with this Order granting the motion to produce the documents.

Evidence concerning the reasons for hiring another doctor at the Beresford Clinic could be relevant to the issue of pretext.

**First RFP 15 & 19.** Notwithstanding that all objections have been waived, including the work product objection, DENIED as to all investigation conducted in anticipation of litigation or after litigation was commenced. GRANTED as to investigations conducted in the usual course of business. Litigation is an adversary proceeding. The interests of justice are not promoted by allowing one side access to another side's thoughts and strategies about the litigation absent the consent of the other party.

5

**First RFP 18.**[4]   GRANTED. Because these documents could contain private information about a nonparty to the lawsuit, the documents need not be produced until the parties have secured a protective Order from the court. Additionally, the defense shall submit to the court for an *in camera* inspection documents it believes contain private information which should not be produced to the plaintiff. The defendants shall specifically identify the private information on each document and suggest whether and what redactions could be made to protect the private information while at the same time complying with this Order granting the motion to produce the documents.

Evidence about the reduction in time for a person who impacts the plaintiff's workload could be relevant to the issue of pretext.

**First RFP 24.**   DENIED. At trial defendants may not introduce into evidence any testimony or documents to support an argument that patient complaints caused plaintiff or any other person to be treated as she or the other person was unless those patient complaints are produced to plaintiff during discovery before trial.

**First RFP 25, 26, 27, & 28.**
DENIED. This interrogatory is not sufficiently targeted. While there could be some other claims of sex or employment discrimination to justify discovery about those claims, without more specific information about the similarity of the claims to plaintiff's lawsuit these Requests For Production are a fishing expedition.

## SECOND SET OF INTERROGATORIES
## AND REQUESTS FOR PRODUCTION

On November 19, 2008, Plaintiff served a second set of requests for production on defendants. On February 12, 2009, defendants' response was served.

**Second Set RFP 1.**   DENIED as to physicians other than Dr. Haigh. GRANTED as to Dr. Haigh.

The documents need not be produced until the parties have secured a protective Order from the court. Additionally, the defense shall submit to the court for an *in camera* inspection documents it believes contain private information which should not be produced to the plaintiff. The defendants shall specifically identify the private

---

[4]This is the order in which the matter was presented to the court.

information on each document and suggest whether and what redactions could be made to protect the private information while at the same time complying with this Order granting the motion to produce the documents.

On February 5, 2009, plaintiff served a second set of interrogatories on defendants. Defendants have not responded.

**Second Set Interrogatory 1.**
DENIED. The interrogatory has not been submitted to the court. A ruling cannot be made without seeing the interrogatory.

## **ORDER**

Based on the above, Defendant's Second Motion to Compel (Doc. 36) is GRANTED IN PART and DENIED IN PART as detailed above.

Dated this 14th day of August, 2009.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge