UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MARGARET A. BENSON, M.D., | ) | |
| | ) | CIV. 08-4072 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AWARDING |
| | ) | ATTORNEY'S FEES |
| SANFORD HEALTH, | ) | |
| a South Dakota Corporation; and | ) | |
| SANFORD MEDICAL CENTER, | ) | |
| a South Dakota Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Previously, this court issued an order deciding plaintiff Dr. Margaret A. Benson's third motion to compel discovery and to impose sanctions. See Docket No. 104. In that order, the court granted one of five of the discovery issues presented by Dr. Benson's motion and agreed that sanctions should apply as to this one issue. Id. The court then directed Dr. Benson to submit her request, by affidavit, of a proportional amount of attorneys fees expended in bringing the motion to compel. Id. The court set forth a schedule allowing defendants Sanford Heath and Sanford Medical Center to respond, by counter affidavit, to object to anything contained in Dr. Benson's application and affidavit in support of attorneys fees.

Dr. Benson accordingly submitted a request for attorneys fees in the amount of $1,585.76.  See Docket No. 112.  That amount was supported by an affidavit from counsel for Dr. Benson.  Id.  The calculation for attorneys fees was based on the total number of hours spent in bringing the third motion to compel and dividing by 40 percent, which represents the amount of time Dr. Benson's counsel estimated was spent on the issue on which the court ultimately granted sanctions.  Id.  The calculation of attorney's fees was based on a requested hourly rate of $200 per hour for counsel's time.  Id.  The calculation also included the time of a summer intern, billed at $90 per hour. Id.  Finally, the calculation included a request for 40% of $34 for copying costs associated with the attachments to Dr. Benson's motion.

Defendants objected to Dr. Benson's application for attorneys fees.  See Docket No. 113.  Defendants did not support any of their objections by affidavit, as this court's order directed them to do so.  Compare Docket No. 104, at page 12; with Docket No. 113.  Defendants' objections are: (1) an objection that 40 percent of the total time spent on the motion is not appropriate and that the court should instead award one-fifth of the total time spent since there were five issues presented in the motion; (2) an objection that the court should not award time spent by both counsel for Dr. Benson and a summer intern to discuss the motion as this represents duplication of time; (3) an objection to an award for the time spent by the summer intern on the

motion; and (4) an objection to the copying costs.  Docket No. 113.  Defendants do not question the total amount of time spent on the motion other than as explained above nor do they suggest that Dr. Benson's counsel's requested hourly rate at $200 per hour is unreasonable.

Dr. Benson responded to each of these objections as follows: (1) her calculation of the percentage of total time attributable to the issue on which the court awarded sanctions is appropriate because that issue and one other issue consumed approximately 80% of the total time spent on the motion; (2) there is no duplication of time spent by the summer intern and Dr. Benson's counsel; (3) the time spent by the summer intern in researching and drafting the motion is appropriate because it was not duplicative, and this time would have had to been spent by Dr. Benson's counsel at a higher hourly rate if the intern had not been employed to do it; and (4) the copy costs requested do not include routine copying costs, but rather only those costs associated with the attachments to Dr. Benson's motion.  See Docket No. 114.

In determining a reasonable award of attorney's fees under Fed. R. Civ. P. 37, the court begins by figuring the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.  Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v.

3

Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorneys' fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

The itemized billing chart submitted by Dr. Benson includes an entry on June 24 for .8 of an hour from Dr. Benson's counsel for discussing the motion to compel with the summer intern. See Docket No. 112-1. There is another .8 of an hour on July 20, also from Dr. Benson's counsel for the same purpose. Id. The court agrees with defendants that this time should not be included in the total billing. But for the fact that two persons were working on this motion to compel on behalf of Dr. Benson, there would be no need for them to discuss the motion and bill time for it. The court notes that the summer intern did not also bill for these discussions. Nevertheless, the court finds them duplicative and excludes them.

However, the time billed by the summer intern for researching and drafting the motion was not duplicated in any way by Dr. Benson's counsel. Furthermore, as Dr. Benson points out, had the summer intern not performed these tasks, Dr. Benson's counsel would have had to have done them herself. And while Dr. Benson's counsel, experienced as she is, would perhaps have

4

been able to conduct these tasks somewhat more quickly, she would also have billed twice as much for her hourly rate. Furthermore, the court affirmatively finds that the time spent by the summer intern in researching and drafting this motion and the reply (a total of 9.4 hours) was not unreasonable.

In addition, the court finds that the hourly rate attributed to the summer intern's time–$90 per hour–is not unreasonable. In this jurisdiction it is not unusual for a paralegal to bill his or her time at an hourly rate nearly approaching that requested for the summer intern in this case. See Creative Resources Group, Inc., 212 F.R.D. at 103-104 (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates"). In addition, the court notes that defendants never submitted any affidavit in support of their assertion that the rate charged for the summer intern's time in this case was unreasonable or not in alignment with prevailing rates charged in this district for similar work by similar interns.

The court now addresses the defendants' argument that it should award one-fifth of the total time spent by Dr. Benson's counsel on the motion rather than the 40% requested by Dr. Benson. Dr. Benson has provided a detailed and persuasive rationale for her allocation. She has supported her allocation by affidavit. Defendants have not. Accordingly, the court overrules this objection by defendants. It is not unusual for one issue to preponderate or take greater time and effort to present to the court via motion. If defendants'

5

own counsel's time was evenly divided among the five issues contained in Dr. Benson's motion to compel, an affidavit to that effect could have been provided in support for defendants' request of a one-fifth allocation.

Finally, the court addresses defendants' objection to the request for costs by Dr. Benson.  The court notes that the total costs incurred in connection with Dr. Benson's motion was $34.  See Docket No. 112-1.  Dr. Benson limits her request to reimbursement of 40% of that amount, or $13.60.  See Docket No. 112, ¶ 13.  Furthermore, Dr. Benson has supported her request for this item of cost via affidavit and has assured the court that the amount does not include any routine copying costs.  The court finds Dr. Benson's request to be reasonable and overrules defendants' objection thereto.

The total billing for all time and costs spent on this motion as attested to by Dr. Benson is $3,964.40.  The court deducts therefrom 1.6 hours at a rate of $200 an hour (a total of $320),  for Dr. Benson's time which the court finds to be duplicative, as explained above.  A further deduction of $19.20 representing the 6% sales tax on that fee will be made, leaving a total of $3,625.20.  Forty percent of that figure is $1,450.08.  Based on the foregoing, it is hereby

ORDERED that defendants shall remit as sanctions to Dr. Benson the sum of $1,450.08 within 15 days of the date of this order.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated January 28, 2011.

BY THE COURT:

/s/ Veronica L. Duffy

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

7