UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARGARET A. BENSON, M.D., | \* | CIV. 08-4072 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER RE: ATTORNEY FEES |
| | \* | (DOCS. 129 & 120) |
| SANFORD HEALTH, a South Dakota Corporation; and SANFORD MEDICAL CENTER, a South Dakota corporation, | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is the matter of Sanford's attorney fees incurred for opposing plaintiff's fourth motion to compel.[1] The subject of the motion to compel was an e-mail which Dr. Benson sent in June of 2006.

> If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.[2]

From the beginning Sanford's response to Benson's discovery request about the e-mail has remained the same: "defendants are searching to determine whether such email copies exist and may be retrieved."[3] Judge Duffy considered Benson's third motion to compel. She allowed Benson to take depositions to try to find the June 2006 e-mail and she imposed sanctions against Sanford for engaging in informal discovery rather than responding according to the Federal Rules of Civil

---

[1] Docs. 129 & 120.

[2] FED. R. CIV. P. 37(a)(5)(B).

[3] Doc. 129, Request No. 7.

Procedure.[4]  Benson then took depositions from three Sanford employees about the June 2006 e-mail.[5]  Benson then filed her fourth motion to compel, which included a request for sanctions from Sanford.[6]

Sanford's regular business practice is to automatically purge e-mails from the system every 90 days.  Network backup tapes are kept which would allow an e-mail to be retrieved for an additional two months.  After that, the backup tape is written over with new information and it would be "highly unlikely" that anyone could ever retrieve an e-mail unless it was printed or stored somewhere besides the e-mail system's inbox, deleted or sent folders.  Under the e-mail retention policy, the latest date an e-mail written in June of 2006 could be retrieved from the network would have been December of 2006.  Benson's complaint was filed May 22, 2008.[7]  Her charge of discrimination was filed on October 22, 2007.[8]

At the time Benson filed her fourth motion to compel she knew from the deposition testimony that the e-mail was most likely purged from Sanford's system before she made her first claim.  She knew there were no hard drives where the e-mail could reasonably be expected be found.  She knew that no hard copies of the e-mail could be found.  She knew the e-mail could not reasonably be expected to be found on Sanford's network or Sanford's backup of the network.  Nonetheless, she filed a motion to compel.

---

[4] Doc. 104 & 115.

[5] Doc. 12, p. 6-8.

[6] Doc. 121, p. 12.

[7] Doc. 129, p. 9.

[8] Doc. 125, p. 3, fn 1.

Benson argues her motion was brought in good faith.[9] She argues the motion was justified because the depositions "revealed that Sandford (sic) had not looked for the email on the network and had no intention of doing so."[10] She referred to deposition testimony of Brockhuis that the purge policy does not apply to folders other than the inbox, sent, and deleted folders. Benson argues, therefore, that if "Landeen moved the email out of the inbox, sent or deleted folders into another folder, the email would exist indefinitely on the network."[11] "Sandford (sic) should have someone from the IT department that has access to Landeen's email files check the network to see if the email exists in another folder outside of the inbox, sent and deleted folders."[12]

But, it is "highly unlikely" that the alleged e-mail would have been downloaded to a separately created folder because IT instructs Sanford employees not to do that.[13] Furthermore Landeen, the person to whom the June 2006 e-mail was directed, testified she did not typically print her e-mails nor did she do anything with them other than leave them in her inbox, i.e. she did not create a separate folder in which to keep this or other e-mails.[14] Under these circumstances Benson's motion to compel was not substantially justified, and there are no other circumstances which make an award of expenses unjust.[15] Future discovery about this e-mail is prohibited without an order

---

[9] Doc. 130, p. 1.

[10] Doc. 130, p. 1.

[11] Doc. 130, p. 1-2.

[12] Doc. 130, p. 2.

[13] Doc. 134, p. 3.

[14] Doc. 134, p. 4.

[15] FED. R. CIV. P. 37(a)(5)(B).

from the court inasmuch as Benson has had ample opportunity to obtain the information by discovery in this action.[16]

Under Federal Rules of Civil Procedure 37(a)(5)(B) and 26(b)(2)(C)(ii) it is

ORDERED that Sanford is awarded from counsel for Dr. Benson the amount of $1,617[17] and

IT IS FURTHER ORDERED that no future discovery can be conducted about the June 2006 e-mail without a court order.

Dated April 19, 2011.

                                        BY THE COURT:

                                        s/John E. Simko
                                        _____
                                        John E. Simko
                                        United States Magistrate Judge

---

[16] FED. R. CIV. P. 26(b)(2)(C)(ii).

[17] Doc. 131.